IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GUADALUPE PENA-CARRIZOZA<br><br>Petitioner, | ORDER GRANTING MOTION TO ENFORCE PLEA AGREEMENT and DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE; AMENDED REQUEST TO VACATE, SET ASIDE, OR CORRECT SENTENCE; and MOTION FOR NON-ENFORCEMENT OF WAIVER OF COLLATERAL ATTACK. |
| vs. | |
| UNITED STATES OF AMERICA<br><br>Respondent. | Case No. 2:04-CV-00475 PGC |

Petitioner Guadalupe Pena-Carrizoza moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence based upon claims that his counsel was ineffective. In particular, Mr. Pena-Carrizoza contends his counsel was ineffective because his plea subjects him to double jeopardy and his counsel did not inform him of the elements required for conviction, did not conduct an adequate investigation, did not seek a conditional plea preserving his right to appeal,

1

and inaccurately advised him of the possible sentences he faced if convicted. The government opposes Mr. Pena-Carrizoza's motions and cross-moves to enforce the plea agreement. Mr. Pena-Carrizoza opposes the government's cross-motion. Because Mr. Pena-Carrizoza has not established that any errors by counsel prejudiced him, his ineffective assistance claims fail. The court therefore DENIES Mr. Pena-Carrizoza's motions. The court GRANTS the government's motion to enforce the plea agreement.

## BACKGROUND

On August 29, 2001, Mr. Pena-Carrizoza was indicted with nine counts, including one count of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848; five counts of conspiring to distribute cocaine in violation 21 U.S.C. §§ 841(a)(1) and 846; two counts of using a communication facility to facilitate the conspiracies in violation of 21 U.S.C. § 843(b); and one count of money laundering in violation of 18 U.S.C. § 1956(a). On March 4, 2003, Mr. Pena-Carrizoza entered a guilty plea to one count of engaging in a continuing criminal enterprise. In his statement in advance of plea, Mr. Pena-Carrizoza stated that he (1) understood his charges and what the government had to prove to convict him; (2) understood that if he were convicted he could appeal his conviction; (3) knowingly and voluntarily waived his right to challenge his sentence or the manner in which it was determined in any collateral attack, including under 28 U.S.C. § 2255; and (4) no threats or promises had been made to induce his plea. He also admitted the facts providing a basis for the plea. In exchange for Mr. Pena-Carrizoza's guilty plea, the government moved and the court dismissed the remaining eight counts.

On June 10, 2003, the court entered an amended judgment sentencing Mr. Pena-Carrizoza to the applicable statutory and guideline mandatory minimum prison term of 240 months. On May 24, 2004, within a year of the amended judgment, Mr. Pena-Carrizoza filed his motion to vacate, set aside, or correct his sentence under §2255. On June 4, 2004, Mr. Pena-Carrizoza filed an amended request to vacate, set aside, or correct his sentence under § 2255. The court ordered the government to respond to Mr. Pena-Carrizoza's motions. The government filed a motion to enforce the plea agreement and to dismiss the § 2255 motions.

## DISCUSSION

Mr. Pena-Carrizoza claims that his plea, including the waiver of appeal rights and collateral attacks under § 2255, was invalid on account of ineffective assistance of counsel. In particular, Mr. Pena-Carrizoza asserts that his counsel (1) forced him to admit to both engaging in a continuing criminal enterprise and conspiracy, a lesser including offense of continuing criminal enterprise, which caused him to be convicted and sentenced in violation of the Double Jeopardy Clause; (2) did not advise him of the elements the government had to prove for conviction; (3) failed to move for a conditional plea to preserve his right to appeal the continuing criminal enterprise charge; (4) failed to conduct a minimal investigation relating to the sufficiency of the evidence for the continuing criminal enterprise conviction; and (5) inaccurately advised him of the possible sentence he faced if convicted.

The government responds that this court should not address Mr. Pena-Carrizoza's ineffective assistance claims because in his statement in advance of plea he waived his right to

collaterally attack his conviction and his sentence under § 2255. Generally, a defendant's knowing and voluntary waiver of the right to collaterally attack a conviction or sentence is enforceable.[1] The parties agree that relevant considerations are whether Mr. Pena-Carrizoza's claims are within the scope of the waiver, whether the waiver was knowing and voluntary, and whether manifest injustice would result from enforcement of the waiver.[2]

I.   **Mr. Pena-Carrizoza Concedes his Claims Are Within the Waivers.**

Regarding the first prong, the government contends that Mr. Pena-Carrizoza's claims are within the waivers in his plea agreement. In his plea agreement, Mr. Pena-Carrizoza stated that he understood that if convicted, he could have appealed his conviction. He also waived the right collaterally attack his sentence. Mr. Pena-Carrizoza, however, did not waive the right to collaterally attack his conviction or guilty plea. Mr. Pena-Carrizoza nonetheless concedes that his claims are within the waivers. The court therefore assumes that the claims are within the waivers.

II.   **The Plea and Waiver Were Knowing and Voluntary.**

Regarding the second prong, Mr. Pena-Carrizoza claims that his plea was not knowing and voluntary. In his statement in advance of plea, however, Mr. Pena-Carrizoza stated, among other things, that (1) he understood his rights, the facts and circumstances of the case, and the consequences of his plea; (2) his counsel had informed him of the nature of the charges against him and what the government was required to prove to convict him; (3) no threats or promises

---

[1] *See United States v. Elliott,* 264 F.3d 1171, 1173 (10th Cir. 2001).

[2] *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

induced the plea; and (4) he had no mental reservations concerning his plea. The court is satisfied that Mr. Pena-Carrizoza's plea and waiver was knowing and voluntary.

Mr. Pena-Carrizoza argues that his plea was not knowing and voluntary because of ineffective assistance of counsel. As discussed below, however, these claims are without merit.

### III.   Enforcing the Waiver Will not Result in a Miscarriage of Justice.

Under the third prong, the defendant must show that enforcing the waiver will result in a miscarriage of justice. A miscarriage of justice occurs where (1) the court relied upon an impermissible factor such as race, (2) counsel is ineffective, (3) the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful.[3] Situations 1, 3, and 4 do not apply in this case. Mr. Pena Carrizoza contends that his counsel was ineffective in negotiating and advising him to enter the plea. The government concedes that ineffective assistance claims attacking the validity of a plea survive the waiver.[4] The court therefore proceeds to consider Mr. Pena-Carrizoza's ineffective assistance claims.

The court is satisfied that Mr. Pena-Carrizoza's counsel was not ineffective. To establish ineffective assistance, a defendant must first show that counsel's representation was deficient in that it fell below an objective standard of reasonableness.[5] When determining whether counsel's performance was deficient, courts "indulge in a strong presumption that counsel's conduct falls

---

[3] See *Hahn*, 359 F.3d at 1327.

[4] See *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (noting the two critical components in determining whether right to collateral relief survives a waiver are whether (1) "there is any basis for a claim of ineffective assistance of counsel" and (2) "the ineffectiveness claim pertains to the validity of the plea").

[5] See *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2006).

within the wide range of reasonable professional assistance."[6]  Second, the defendant must show that counsel's deficient representation was prejudicial.[7]  To establish prejudice in the context of a guilty plea, the defendant must show that "but for counsel's error, the defendant would have insisted upon going to trial."[8]

    Mr. Pena-Carrizoza first contends that his counsel's performance was deficient because he advised him to plead guilty to general conspiracy and engaging in a continuing criminal enterprise.  Mr. Pena-Carrizoza contends that the general conspiracy charge is a lesser included offense of the continuing criminal enterprise charge[9] and therefore his plea subjected him to double jeopardy.  Because general conspiracy is a lesser included offense of a continuing criminal enterprise, the Double Jeopardy Clause prohibits a defendant from being convicted of and sentenced for both crimes.[10]  However, although in pleading guilty Mr. Pena-Carrizoza admitted to conspiracy among other violations of the Controlled Substances Act, he was convicted and sentenced only of engaging in a continuing criminal enterprise.  Because Mr. Pena-Carrizoza was not convicted and sentenced for both the conspiracy and continuing criminal enterprise counts, he was not subject to double jeopardy.  Therefore, his counsel was not deficient in this regard.

---

[6]*Id.*

[7]*See id.*

[8]*Id.* at 1080 (quoting *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005)).

[9]*See United States v. Atencio,* 435 F.3d 1222, 1235 (10th Cir., 2006), *cert. denied*, 126 S. Ct. 2310 (2006).

[10]*See Rutledge v. United States*, 517 U.S. 292, 301-307 (1996).

Mr. Pena-Carrizoza next argues that his counsel was deficient for failing to advise Mr. Pena-Carrizoza of the elements required for a conviction of the continuing criminal enterprise count. As stated above, in his statement in advance of plea, Mr. Pena-Carrizoza stated that he understood the required elements.

Further, Mr. Pena Carrizoza claims that had he known what the government was required to prove, he would have moved for a conditional guilty plea rather than going to trial. He also claims that his counsel was ineffective for not moving for a conditional guilty plea. There is no enforceable right to enter into a conditional guilty plea[11] and there is no evidence that the government would have agreed to a conditional plea. Mr. Pena-Carrizoza cannot show that the end result would have been different.[12] Therefore, he has not shown prejudice.

Mr. Pena-Carrizoza also argues that his counsel was ineffective because he failed to conduct a minimal investigation of the sufficiency of the evidence for a continuing criminal enterprise conviction. Mr. Pena-Carrizoza is correct that counsel does have a duty to make a reasonable investigation.[13] However, Mr. Pena-Carrizoza presents no evidence that counsel failed to make a reasonable investigation. The court therefore cannot say that his counsel's performance was deficient. Moreover, based on Mr. Pena-Carrizoza's statement in advance of plea (along with the pre-sentence report) the court is satisfied that there was sufficient basis for the plea. Mr. Pena-Carrizoza has not established prejudice.

---

[11] *United States v. Davis,* 900 F.2d 1524, 1527 (10th Cir. 1990).

[12] *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[13] *See id.* at 691.

Finally, Mr. Pena-Carrizoza contends his counsel was ineffective because he inaccurately advised him of the possible sentences he faced under the sentencing guidelines if he went to trial. The Tenth Circuit has recognized that counsel's failure to understand the mechanics of the sentencing guidelines may support an ineffective assistance claim.[14] In this case, counsel may have not perfectly understood the mechanics of the guidelines.

Mr. Pena-Carrizoza contends that a letter from his counsel incorrectly states that if he is found guilty of the continuing criminal enterprise count, the base offense level will be 38, subject to an additional four-level increase for organizer or leader, and result in a total offense level of 42 and a sentence of 360 months to life. Mr. Pena-Carrizoza's counsel correctly stated that he faced a base level offense of 38 for the continuing criminal enterprise conviction based upon the kilograms of cocaine Mr. Pena-Carrizoza stated he trafficked.[15] Mr. Pena-Carrizoza, however, correctly contends that the sentencing guidelines take into account that a defendant convicted of engaging in a continuing criminal enterprise is an organizer or leader and an additional four level enhancement under the guidelines is not proper.[16] The statement that if a jury convicted Mr. Pena-Carrizoza of engaging in a continuing criminal enterprise, he would face a base level offense of 38 subject to an additional four-level enhancement for being an organizer or leader is inaccurate.

---

[14]*See United States v. Contreras-Castellanos*, No. 05-8095, 2006 WL 2338082 at *2 & n.1 (10th Cir Aug. 14, 2006) (citing *United States v. McCoy*, 215 F.3d 102, 108 (D.C. Cir. 2000)).

[15]*See* U.S.S.G. §§ 2D1.1, 2D1.5 (2002).

[16]*See* U.S.S.G. § 2D1.5 cmt.

Mr. Pena-Carrizoza's also contends that his counsel was ineffective when he threatened that if convicted of all counts, he believed Mr. Pena-Carrizoza would receive a life sentence. In his statement in advance of plea, however, Mr. Pena-Carrizoza states that his plea was not induced by any threat. The record does not indicate that Mr. Pena-Carrizoza's counsel threatened him.

Mr. Pena-Carrizoza contends, however, that he could not have received a life sentence, even if convicted of all counts. He contends that his maximum offense level is 38, and that given his criminal history category of I, the maximum sentence he faced was 235-293 months. The government responds that Mr. Pena Carrizoza faced a statutory maximum life sentence. Additionally, under the guidelines he faced 2-level enhancements for money laundering and using a minor to commit the offenses. Therefore, the government responds, if Mr. Pena-Carrizoza were convicted of the conspiracy counts he faced a possible offense level of 42, resulting in a 360-month to life sentence.

Other than money-laundering enhancement, the record contains no evidence of enhancements the government may have sought. Additionally, it is not clear to the court why counsel advised Mr. Pena Carrizoza that he faced a possible life sentence. Counsel may have had a valid reason.

But even assuming that counsel's representation may have been deficient in advising Mr. Pena-Carrizoza about the possible sentences he faced, Mr. Pena-Carrizoza has not established prejudice. In short, Mr. Pena-Carrizoza has not shown that he would have gone to trial on all counts had he been advised differently. More important, he has not shown that had he gone to trial the outcome would have been any different. Rather, Mr. Pena-Carrizoza reasons that had he

9

been convicted for the underlying conspiracy charges his applicable base offense level would be 34,[17] subject to only a 4-level enhancement for an aggravated role in the offenses[18] and a range of 235-293 months (the same range under the guidelines for the continuing criminal enterprise conviction).  He further contends that had a jury convicted him to the conspiracy charges, he would not be subject to the minimum mandatory *statutory* sentence of 240 months for the continuing criminal enterprise change.[19]  Mr. Pena-Carrizoza is correct that had the jury convicted him of only the conspiracy charges he would not face the statutory mandatory minimum for the continuing criminal enterprise charge.  Mr. Pena-Carrizoza, however, is not entitled to be convicted or resentenced only on the conspiracy counts based on such speculation.  And the government would likely have sought – and obtained – more than the 4-level enhancement for an aggravated role in the offenses.  Mr. Pena-Carrizoza has not shown that he would have proceeded to trial on all counts rather than enter his guilty plea.  Therefore, he has not established prejudice and his ineffective assistance claims fail.

## CONCLUSION

For the reasons above, the government's Motion for Enforcement the Plea Agreement (#8) is HEREBY GRANTED and Mr. Pena-Carrizoza's Motion to Vacate, Set Aside, or Correct

---

[17]*See* U.S.S.G. § 2D1.1.

[18]See U.S.S.G. § 3B1.1.

[19]*See* 21 U.S.C. § 848.

Sentence (#1), his amended request to vacate his sentence (#5), and his Motion for Non-Enforcement of Waiver (#12) are DENIED.  The clerk's office is directed to close the case.

SO ORDERED

DATED this 17th day of October, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge