IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>GUADALUPE PENA-CARRIZOZA,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY<br><br><br>Case No. 2:01-CR-502 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant's Motion for Return of Property. Defendant's Motion is brought pursuant to Federal Rule of Criminal Procedure 41(g). Rule 41(g) states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

　　　　"In order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government."[1]  Defendant has failed to make this showing. The government proffers that the money seized was located at a home that was registered to a co-defendant, Jesus DeFarias-Morillo. Defendant has provided nothing to suggest that he had any possessory interest in the home or its contents. Indeed, when Defendant was arrested he carried no cash.

---

[1] *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005).

1

Even if Defendant had shown a possessory interest in the seized money, his Motion still fails.  The government explains that the funds were administratively forfeited to the United States as abandoned property.  In accordance with their policy, the FBI sent a letter to Mr. DeFarias in July 2008, indicating that the funds were considered abandoned since no party ever filed claim to them or sought their return.  Neither Mr. DeFarias nor any other person responded to the letter.  Thus, the FBI officially forfeited the money to the United States government as abandoned property.  Where property has been administratively forfeited, the Court lacks jurisdiction to return the property under Rule 41(g).[2]

It is therefore

ORDERED that Defendant's Motion for Return of Property (Docket No. 288) is DENIED as set forth above.

DATED this 31st day of January, 2017.

BY THE COURT:

Ted Stewart
United States District Judge

---

[2] *United States v. Deninno*, 103 F.3d 82, 84 (10th Cir. 1996).

2